h SAUNDERS, Judge,
concurring.
While I concur in the opinion of the court in this case, I would more strongly emphasize the distinction between the facts of this case and the seemingly similar cases cited by the plaintiff and referred to in footnote 2 of the opinion, which resulted in a much greater percentage of fault apportioned to the vessel/employer. It is not clear from the record on what basis the jury found unseaworthiness and negligence on the part of ENSCO. Although the award of ninety percent of the fault in this *1256 accident seems high in light of a finding of Jones Act negligence and general maritime law unseaworthiness, that apportionment is more clearly warranted in light of the fact that under the circumstances of this case, there can be only a very minor amount of unseaworthiness and negligence found on the part of ENSCO.
Although Parker v. Delta Well Surveyors, Inc., 2000-1121 (La.App 4 Cir. 5/2/01); 791 So.2d 717, and Domonter v. C.F. Bean Corporation, 99-1204 (La.App. 5 Cir. 4/25/00); 761 So.2d 629, also involve cases with clear acts of negligence on the part of the employee, in both cases the employee was apportioned only forty and thirty percent of the fault, respectively. In Parker, as in the present case, the negligence on the part of the plaintiff was clear and excessive, yet the district court assigned him only forty percent of the fault. It found that the negligence of the vessel |2in operating with a leaky hydraulic line, despite earlier notification of the hazardous condition by another employee, was clearly the reason for the plaintiffs performing the negligent act. In Domonter, the failure of the plaintiff to use the provided safety handrail for stability caused him to trip while descending a staircase. The improperly wrapped step, however, was also a direct cause of the plaintiffs injury. As a result, the plaintiff was found only thirty percent at fault, despite the fact that if he had been using the handrail provided, he would likely not have been injured. In both of these cases, there were conditions which indicated clear negligence on the part of the vessel.
In the present case, there is no clearly apparent condition indicating negligence or unseaworthiness on the part of ENSCO. There was merely testimony that, while the hanging arrangement of the tongs may have caused excessive swing, there was no proof of such excessive swing and there was no clear evidence that such a hanging arrangement was negligent. While it was not erroneous for the jury to have found such negligence and unseaworthiness, the apportionment of fault, which appears so extreme at first glance in light of seemingly analogous case law, makes more sense in light of the testimony and evidence found in the record if this case. Therefore, I concur with the majority opinion.